JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
JEFFREY W. CHRONISTER, ESQ.
Nevada Bar No. 15194
**BOWEN LAW OFFICES**
9960 W. Cheyenne Avenue, Suite 270
Las Vegas, Nevada 89129
(702) 240-5191 ✦ Facsimile: (702) 240-5797
twilcox@lvlawfirm.com
*ATTORNEYS FOR PLAINTIFFS*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| The Estate of Victor Garcia, by and through its Administrator, Stephanie Garcia; Noah Victor Garcia, a minor, by and through his guardian Nidia Griselda Mecham; Stephanie Garcia, individually; Elizabeth Flores, individually. <br><br> Plaintiffs, <br><br> vs. <br><br> Thistle Roller Co., Inc. a California Corporation; Mastroy, an international foreign entity; ZMM Sliven Company, an international foreign entity; ZMM - Bulgaria Holding, LTD., an international foreign entity; DOES I through X; and ROE CORPORATIONS I through X, <br><br> Defendants. | Case No. <br> Dept. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, The Estate of Victor Garcia, by and through its Administrator, Stephanie Garcia; Noah Victor Garcia, a minor, by and through his guardian Nidia Griselda Mecham; Stephanie Gardia, individually; and Elizabeth Flores, individually, by and through their counsel of record Jerry Konell, Esq., hereby states and alleges as follows:

**I.**

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Parties**

    **A.     Parties**

1. At all times relevant hereto, The Estate of Victor Garcia, Deceased, (hereinafter referred to as "GARCIA") was at all pertinent times hereto a resident of the state of California.

2. STEPHANIE GARCIA, individually and as Special Administrator of the Estate is and was at all times pertinent hereto a resident of the state of California, who is one of the decedent's adult children.

3. ELIZABETH FLORES, individually is and was at all times pertinent hereto a resident of the state of California, who is one of the decedent's adult children.

4. NOAH VICTOR GARCIA, a minor, by and through his guardian Nidia Griselda Mecham is and was at all times pertinent hereto a resident of Clark County, Nevada, who is the minor child of the decedent.

5. Defendant THISTLE ROLLER CO., INC. (hereafter referred to as "Defendant" or "Thistle") is and/or was at all times pertinent, an economic entity duly licensed to conduct business in the State of California with its principal place of business in Montebello, California.

6. Defendants Mastroy, a international foreign entity, ZMM Sliven Company, an international foreign entity; ZMM - Bulgaria Holding, LTD., an international foreign entity and/or DOE/ROE Defendants I-X were at all times herein entities duly licensed to conduct business in the State of California and/or the United States as a seller, distributor, and/or manufacturer of the LION Lathe Machine believed to be at issue in the underlying incident of February 22, 2019 at Thistle Roller Co. involving Victor Garcia (hereinafter "Garcia"), who is deceased.

7. Pursuant to NRCP 10 (a) and <u>Nerenberger Hercules-Weke GMBH v. Virosiek</u> 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOE Defendants and/or ROE CORPORATIONS I through X are unknown at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which she is presently unaware. These Defendants are in some manner negligently, vicariously or statutorily responsible for the events and happenings referred to and caused damages proximately to Plaintiff herein. Plaintiff therefore sues said Defendants for all listed causes of action herein. When the specific identities of these parties are revealed through the course of discovery, the DOE/ROE appellation will be replaced to identify these parties by their true names and capacities.

8. The identity of defendants designated as DOES I through X and ROE CORPORATIONS I through X are unknown at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiffs, and all others similarly situated, about which they are presently unaware. These defendants are in some manner negligently, vicariously or statutorily responsible for the events and happenings referred to and caused damages proximately to Plaintiffs, and others similarly situated, herein. When the specific identities of these parties are revealed through the course of discovery, the DOE/ROE appellation will be replaced to identify these parties by their true names and capacities.

**B.   Introduction**

9. Plaintiffs Noah Garcia, Stephanie Garcia and Elizabeth Flores, are the children and sole heirs of deceased Victor Garcia.

10. On February 22, 2019, Victor Garcia was employed at Thistle Roller Co., Inc. at its U.S. plant located at 209 S. Van Norman Road in Montebello, California, as a machinist.

11. On that date, Garcia was allegedly operating a LION Lathe Machine, or some similar product whose name-brand identity is not yet known.

12. While operating the LION Lathe Machine, Garcia became entangled in the machine, experienced excruciating pain and suffering and ultimately the los of his life.

13. Thistle management was in the vicinity at the time of the accident and allowed the horrific incident to happen.

14. Garcia was not sufficiently trained, supervised and/or monitored regarding the use of the machine at issue.

15. There were insufficient warnings regarding the proper use of and/or risks associated with the use of the machine, verbal and/or written, provided for Garcia's operation of said machine.

**I.**

**FIRST CAUSE OF ACTION**
**(Negligence/Negligence Per Se)**

16. Plaintiff repeats, realleges, and incorporates herein by reference the allegations set forth above inclusive as though fully set forth herein.

17. A claim for negligence requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages and/or a violation of California code or regulation.

18. California law imposes a general duty of reasonable care to avoid causing physical harm to others. A duty of care is a standard of reasonable care while performing any acts that could

foreseeably harm others.

19. That at all times hereinafter mentioned, Defendants and any potential DOE/ROE Defendants' were under a duty to exercise reasonable care in the supervision and training in the use, design, manufacture, testing processing, marketing, advertising, labeling, packaging distribution, and sale of the LION Lathe Machine, or similar product whose proper brand-name may not yet be identified, used by Victor Garcia on February 22, 2019 at Thistle Roller Co, Inc.

20. Defendants and any potential DOE/ROE Defendants' (manufacturer) so negligently and carelessly failed to supervise, train, and monitor the use of said product, and/or designed, manufactured, constructed, assembled, inspected, distributed and sold the LION Lathe Machine, or similar product whose brand name may not yet be identified, that it was not fit for and/or dangerous and unsafe for its intended uses.

21. Defendants and any potential DOE/ROE Defendants' (seller/distributor) so negligently and carelessly failed to train, supervise and/or monitor the use of the product at issue, and/or inspected, maintained, installed, and sold the LION Lathe Machine, or similar product whose brand-name may not yet be identified, that it was dangerous and unsafe for its intended uses.

22. Plaintiffs are informed and believe that at all times mentioned herein, Defendants and DOE/ROE Defendants contracted with Thistle Roller Co. for the LION Lathe Machine, or similar product whose brand-name may not yet be fully identified, (hereinafter, "Subject Machine") at issue.

23. Defendant and DOE/ROE Defendants owed any and all workers, including but not limited to workers on the Subject Machine, a standard of duty to install, train, supervise, monitor, label, and operate the Subject Machine in a proper and safe manner, including sufficiently warn of any and all hazards associated with its use. The entanglement of Victor Garcia, deceased, was

foreseeable to the Defendants and is also a foreseeable injury resulting from Defendants' breaches of their various duties of care.

24. The aforementioned accident and resulting injuries to Victor Garcia, deceased, were caused solely by the negligence of Defendants and any potential DOE/ROE Defendants without any contributory or comparative negligence on the part of Victor Garcia, deceased.

25. As a result of the OSHA inspection conducted after the incident of February 22, 2019, in the OSHA inspector recommended that Thistle and its successors be issued a citation and notice of penalty pursuant to California Code of Regulation, Title 8 3383 (b), Body Protection as OSHA determined that "prior to and during the course of inspection, the employer did not ensure clothing which can be entangled in moving machinery were not worn." OSHA determined that "[a]s a result, on or about February 22, 2019, an employee's [Victor Garcia] clothing was entangled while working on the LION Lathe Machine resulting in a fatality" (i.e., the death of Victor Garcia).

26. In the Narrative Summary of the OSHA investigation under the sub-heading "Causes and Conclusions" it reads: "Employer did not ensure clothing which can be entangled in moving machinery were not worn. An employee fleece sweater became entangled by the roller on the lathe resulting in a fatality."

27. As a direct and proximate result of Defendants' and any potential DOE/ROE Defendants' negligence, carelessness, recklessness, or misconduct, Plaintiffs have suffered damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000) and has been required to retain legal counsel to prosecute this action. Plaintiffs are therefore entitled to costs and reasonable attorneys' fees incurred in this action.

28.     The Defendants and any potential DOE/ROE Defendants negligently, recklessly, grossing negligently, wantonly and willfully displayed a morally culpable and conscious disregard of the rights of others in that they failed to exercise reasonable care and failed to fulfill the above-stated duties by the manner that Defendants, directly and indirectly, designed, manufactured, tested, processed, advertised, marketed, labeled, and/or allowed to be used without sufficient training, supervising and/or monitoring, the LION Lathe Machine, or similar product whose brand-name may not yet be identified,  was entangled Victor Garcia on February 22, 2019, resulting in his severe and excruciating pain and suffering and eventual death.  The machine  was not reasonably safe for such use, and furthermore, Defendants failed to adequately warn of its defects or safety hazards,  including but not limited to its lack of proper safe guards, shields and/or warnings in the Spanish language in violation of various ASTM standards,  California code or regulation, and/or standards in the industry for example, which Defendants knew or should have known, and prevented or rectified.

29.     That Defendants and any potential DOE/ROE Defendants negligently, recklessly, grossly negligently, wantonly and willfully displayed a morally culpable and conscious disregard of the rights of others by allowing the use of  and/or designing, manufacturing, distributing, selling advertising, labeling, marketing and promoting the LION Lathe Machine, or similar product whose name-brand may not yet have been identified, even though said product was not safe or appropriately effective for any purpose for which it was sold or intended because of its high risk in causing serious injuries and/or death,  and by failing to adequately warn the purchasers, operators, and/or employees such as Victor Garcia, or other similarly situated persons, of the LION  Lathe Machine's, or similar product whose name-brand may not yet be identified,  defects and/or  risks of substantial harm or death.

30.     The aforesaid incident, the damages, permanent injuries and death sustained by Plaintiffs was caused by and were contributed to by the negligence, recklessness, gross negligence, wantonness, willfulness and conscious and callous disregard of the safety of the public, including Plaintiffs, on the part of Defendants and any potential DOE/ROE Defendants' in the insufficient training, supervising and/or monitoring of the use of said machine, and/or the design, manufacture, distribution, advertising, marketing, labeling, and promoting of the LION Lathe Machine as being safe and effective, and by inducing the public, including but not limited to Plaintiffs.

31.     WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages as well as treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**II.**
**SECOND CAUSE OF ACTION**
**(Strict Product Liability-Defective Design Against Defendants Mastroy, ZMM Sliven Company; ZMM - Bulgaria Holding, LTD.; and/or**
**DOE/ROE Defendants)**

32.     Plaintiffs repeat and reiterate the allegations previously set forth herein.

33.     At all times material to the action, Defendants and/or DOE/ROE Defendants were responsible for designing, developing, manufacturing, testing, inspecting, warning and/or distributing the LION Lathe machinery, or similar product whose name-brand may not yet be fully identified, i.e., the Subject Machine.

34.     At all times material to this action, the LION Lathe Machine, or Subject Machine, and its component parts were defective as to design, development, manufacture, distribution, inspection, and warnings causing the Subject machine and its component parts to be a dangerous and defective condition that made them unsafe for their intended use.

35. As a direct and proximate result of the defective and dangerous condition of the Subject Machine and its component parts as described herein above, the Plaintiffs suffered substantial economic, physical and emotional injuries. The Plaintiffs seek actual and punitive damages from Defendants and DOE/ROE Defendants as alleged herein.

36. WHEREFORE, Plaintiffs demand judgment against DOE/ROE Defendant manufacturer for special, compensatory, treble, and punitive damages, together with interest, cost of suit, attorneys' fees, and all such other relief as the Court deems proper.

### III.
### THIRD CAUSE OF ACTION
**(Strict Products Liability-Manufacturing Defect Against Defendant Mastroy; ZMM Sliven Company; ZMM - Bulgaria Holding, LTD.; and DOE/ROE Defendants)**

37. Plaintiffs repeat and reiterate the allegations previously set forth herein.

38. At all times material to this action, Defendants and DOE/ROE Defendants manufacturer was engaged in the business of designing, developing, manufacturing, testing, inspecting, and distributing LION Lathes such as the Subject Machine.

39. At all times material to this action, the manufactured LION Lathe, or similar product whose name-brand may not yet be identified, was expected to reach, and did reach, persons in this jurisdiction and throughout the United States, including the Plaintiffs herein, without substantial change in the condition in which it was sold.

40. At all times material to this action, the Subject Machine was designed, developed, manufactured, tested, inspected, and/or distributed by Defendants and DOE/ROE Defendants manufacturer in a defective, non-conforming, and unreasonably dangerous condition at the time it was placed in the stream of commerce:

  a. When placed in the stream of commerce, the Subject Machine contained manufacturing defects which rendered it unreasonably defective;

  b. The Subject Machine's manufacturing defects occurred while the Subject Machine was in the possession and control of the Defendants and DOE/ROE Defendants;

  c. The Subject Machine was not made in accordance with Defendants and DOE/ROE Defendants manufacturer's specifications and/or performance standards; and

  d. The Subject Machine's manufacturing defects existed before it left the control of Defendants and/or DOE/ROE Defendants.

41. As a direct and proximate result of the subject product's manufacturing defects, the Plaintiffs suffered substantial economic, physical and emotional injuries. The Plaintiffs seek actual and punitive damages from Defendants and/or DOE/ROE Defendants as alleged herein.

42. WHEREFORE, Plaintiffs demand judgment against Defendants and DOE/ROE Defendants for special, compensatory, treble, and punitive damages, together with interest, cost of suit, attorney's fees, and all such other relief as the Court deems proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

A.     For compensatory, consequential and/or special damages in a sum in excess of $15,000.00 for each of the above-stated Causes of Action;

B.     For punitive an/or treble damages in a sum in excess of $15,000.00 as set forth in particular Causes of Action above;

C.     For legal pre-judgment interest at the highest rate allowable;

D.     For reasonable attorney's fees and costs of suit; and

E.     For any such further relief this Court deems appropriate in the premises

*DATED this 22nd day of February, 2021.*

**BOWEN LAW OFFICES**

*/s Jerome R. Bowen, Esq.*
JEROME R. BOWEN, ESQ. (SBN 4540)
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Attorneys for Plaintiff